UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUANA RUIZ

    Plaintiff,

v.                              CASE NO:

WAL-MART STORES EAST, LP,

    Defendant.
_____/

## WALMART STORES EAST, LP.'S NOTICE OF REMOVAL

Defendant, WALMART STORES EAST, LP, ("Walmart"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3), and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the 20th Judicial Circuit Court in and for Collier County, Florida, Case No. 2021-CA-893, with full reservation of rights, exceptions, and defenses, and in support thereof states:

### I.    BACKGROUND

1.    On or about March 26, 2021, Plaintiff commenced this action by filing a Complaint against Walmart Stores East, LP. in the 20th Judicial Circuit Court in and for Collier County, Florida. (See Pl.'s Compl. attached as Ex. A.) The Complaint was served on Walmart on April 19, 2021.

2. Plaintiff, JUANA RUIZ, alleges a claim for negligence against Walmart as a result of injuries she allegedly sustained on June 10, 2019, after slipping and falling while in the store at the Walmart store located at 9885 Collier Blvd., Naples, Florida, 34114. (Ex. A.)

3. Plaintiff's Complaint is removable based on diversity of citizenship of the parties and because the claimed amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

4. Walmart attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the 20th Judicial Circuit of the State of Florida in and for Collier County together with a docket sheet from the Clerk of the Court. (Attached as Composite Exhibit B.)

5. Walmart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II.   REMOVAL IS TIMELY

6. In accordance with 28 U.S.C. § 1446(c), Walmart files this Notice of Removal within thirty (30) days of the date that it received Plaintiff's Response to Walmart's Request for Admission in which Plaintiff Admitted that she is seeking total alleged damages against Walmart that exceeds $75,000 exclusive of interest, costs, and attorneys' fees. Plaintiff's Response to Walmart's Request for Admission are the first "other papers" received after the filing of this action, from which it could be ascertained that the case is one that

was removable. The thirty (30) day period commenced on May 25, 2021 when Plaintiff filed this response. (See Walmart's Request for Admission, attached as Exhibit C, and Plaintiff's Response to Walmart's Request for Admission, attached as Exhibit D.)

7.      Venue exists in the United States District Court for the Middle District of Florida, because the 20th Judicial District in and for Collier County, where Plaintiff filed her state court Complaint against Walmart, is located within the Middle District of Florida.

### III.    THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

8.      Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between—citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

9.      Walmart Stores East, LP is a Delaware corporation that is a publically traded company on the New York Stock Exchange and traded under the symbol WMT. The principal place of business for Walmart Stores East, LP is Bentonville, Arkansas. No publically traded entity owns more than 10% of the company.

10.     Hence, Defendant, Walmart Stores East, LP, is a citizen of both Delaware and Arkansas, and is not a citizen of Florida.

11. Plaintiff is a citizen of the State of Florida residing in Collier County, Florida.

12. In her sworn Answers to Interrogatories, Plaintiff identifies her place of residence to be in Naples, Florida, at the present time and for the past eighteen years. (See Plaintiff's Answers to Interrogatories, ¶¶ 3 & 10, attached as Exhibit E.)

13. The 11th Circuit has held "citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." McCormick v. Aderhold, 293 F.3d 1254, 1257 (11th Cir. 2002). Further, a "person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Sunseri v. Macro Cellular, 412 F. 3d 1247, 1249 (11th Cir. 2005) (quoting McCormick, 293 F.3d at 1257–58).

14. Plaintiffs' domicile in Naples, Florida is equivalent to her citizenship for purposes of establishing diversity. McCormick, 293 F.3d at 1257.

15. Because there exists complete diversity between Plaintiff and Walmart who are citizens of different states, and because the claimed amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## IV. AMOUNT IN CONTROVERSY

16. The claimed amount in controversy exceeds $75,000.00, exclusive of attorney's fees, costs and interest.

17. Although Plaintiff's Complaint alleges simply that the negligence action exceeds the State of Florida circuit court jurisdictional minimum—"damages that exceed $30,000.00," (Ex. A, ¶ 1)—a review of the full Complaint and Plaintiff's Response to Walmart's Request for Admission indicates that the claimed amount in controversy exceeds $75,000.00.

18. Plaintiff alleges in her Complaint that as a direct and proximate result of the negligence of Walmart, Plaintiff JUANA RUIZ "suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, expense of additional household related expenses, loss of earnings, the loss of the ability to earn money, and aggravation of a previously existing condition. These loses are either permanent or continuing and Plaintiff will suffer the losses in the future." (Ex. A.)

19. According to Plaintiff's Response to Walmart's Request for Admission, she is seeking total alleged damages against Walmart that exceeds $75,000.00, exclusive of interests, costs and attorneys' fees. (Ex. D).

20. Although Plaintiff's Complaint does not specify an amount in controversy other than the state court $30,000.00 jurisdictional minimum, Plaintiff's Response to Request for Admissions indicate that Plaintiff's claimed damages exceed the jurisdictional minimum in this Court of $75,000.00. *See* Jennings v. Powermatic, No. 3:14-CV-250-J-32JRK, 2014 WL 2003116, at *2 (M.D. Fla. May 15, 2014) (Plaintiff's Response to Request for Admissions is competent evidence of the amount in controversy.)

21. Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), abrogated on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000).

22. "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." Katz v. J.C. Penney Corp., Inc., 2009 WL 1532129, *4 (S.D. Fla. June 1, 2009) (citing Lowery v. Alabama Power Co., 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." Id. (citing

Williams v. Best Buy Co., 269 F.3d 1316, 1320 (11th Cir. 2001) and Sierminski v. Transouth Financial Corp., 216 F.3d 945, 949 (11th Cir. 2000).

23. When considering all of the information, including the allegations in the Complaint, Plaintiff's alleged injuries, and Plaintiff's Response to Request for Admissions, the amount in controversy exceeds the requisite $75,000.00. Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1062 (11th Cir. 2010) ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."). "Although separately the allegations in the Complaint, the medical information, and Plaintiff's discovery responses would not prove by a preponderance of the evidence that more than $75,000, is in controversy, together they suffice." Stephenson v. Amica Mutual Insurance Company, No. 6:14-CV-978-ORL-37, 2014 WL 4162781, at *3 (M.D. Fla. Aug. 21, 2014) (footnotes omitted).

24. In Jennings v. Powermatic, No. 3:14-CV-250-J-32JRK, 2014 WL 2003116, at *2 (M.D. Fla. May 15, 2014), the court determined the defendant established its burden of proving the amount in controversy exceeded $75,000.00 where the plaintiff's response to the defendant's request for admissions admitted the plaintiff was seeking damages in excess of $75,000.00. *Id.* The court found that the defendant had established complete diversity and that the amount in controversy exceeds the minimum

jurisdictional requirement; therefore, the court denied the plaintiff's motion to remand. Id. at *5.

25. Additionally, the court has concluded that an affirmative response to a request for admission may establish the amount in controversy. See, e.g., Diaz v. Big Lots Stores, Inc., Case No. 5:10–cv–319, 2010 WL 6793850, at*3 (M.D. Fla. Nov. 5, 2010). In Diaz, the removing defendant properly established the amount in controversy by showing an admission from the plaintiff admitting the damages exceeded the jurisdictional amount. Id.

26. Here, Plaintiff's alleged damages as admitted in her Response to Walmart's Request for Admission alone exceed the jurisdictional minimum of this court, and thus Walmart has established its burden of proving the amount in controversy exceeds $75,000.00.

## V.    CONCLUSION

Because there exists complete diversity between Plaintiff and Walmart who are citizens of different states, and because the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs, this action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Upon filing of this Notice of Removal, Walmart will promptly give written notice to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court for the 20th Judicial Circuit in and for Collier County, Florida.

**WHEREFORE**, Defendant, WALMART STORES EAST, LP, respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. 2021-CA-893, on the docket of the Court for the 20th Judicial Circuit in and for Collier County, Florida, be removed from that Court to the United States District Court for the Middle District of Florida, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Walmart is entitled.

Respectfully submitted,

/s/ *Amanda J. Sharkey Ross*
Amanda J. Sharkey Ross
John M. Marra

HEREBY CERTIFY that on June 9, 2021 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following.

Benjamin D. Lusk, Esquire
Lusk, Drasites & Tolisano, P.A.
Post Office Box 151207
Cape Coral, Florida 33915-1207
Telephone (239) 574-7442
Fax   (239) 772-0318
blusk@ldtlaw.com
stephanie@ldtlaw.com
rose@ldtlaw.com
*Attorneys for Plaintiff*

this 9th day of June, 2021.

                HENDERSON, FRANKLIN, STARNES & HOLT, P.A.
Attorneys for Defendant, Walmart Stores East, LP
Post Office Box 280
1715 Monroe Street
Fort Myers, FL  33902-0280
Telephone (239) 344-1249
Facsimile   (239) 344-1542

By: /s/ *Amanda J. Sharkey Ross*
    AMANDA J. SHARKEY ROSS, ESQUIRE
    Florida Bar No. 598666
    amanda.ross@henlaw.com
    tracey.salerno@henlaw.com
    JOHN M. MARRA, ESQUIRE
    Florida Bar No. 1025227
    john.marra@henlaw.com
    susan.peters@henlaw.com